E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
RICHARD E. ROBINSON (Cal. Bar No. 90840)
Assistant United States Attorney
Major Frauds Section
 1100 United States Courthouse
 312 North Spring Street
 Los Angeles, California 90012
 Telephone: (213) 894-0713
 Facsimile: (213) 894-6269
 E-mail: richard.robinson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DAVID MICHAEL JENSEN,<br><br>　　　　Defendant. | No. CR 16-00412(A)-1-FMO<br><br>IN SUPPORT OF GOVERNMENT'S SENTENCING MEMORANDUM, GOVERNMENT'S CITATION OF RECENT ORDER RE USSG §4C1.1(10) BY DISTRICT JUDGE JOHN A. KRONSTADT; EXHIBIT |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Richard E. Robinson, hereby provides for the Court's consideration citation to the recent Order issued by District John A. Kronstadt, in U.S. v. Matthew Gatel, Case No. CR 19-00036-JAK-1, which interpreted USSG §4C1.1(10) and its application to a defendant who sought a Zero-point offender offense level reduction despite having received an aggravating role adjustment under §3B1.1.  Defendant Jensen likewise seeks Zero-point

offender status and a two-level reduction pursuant to USSG §4C1.1, despite his acknowledging that he should receive an aggravating role adjustment under §3B1.1.  Defendant Jensen claimed the §4C1.1 reduction for the first time in his sentencing memorandum, and therefore the application of this guideline was not previously addressed by the Probation Office or in the government's sentencing memorandum.  A copy of Judge Kronstadt's Order is attached as Exhibit 1.

Dated: January 12, 2024              Respectfully submitted,

E. MARTIN ESTRADA
Acting United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


  /s/ *Richard E. Robinson*
RICHARD E. ROBINSON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MATTHEW GATREL,<br><br>  Defendant. | No. 2:19-cr-00036-JAK-1<br><br>**ORDER RE MOTION FOR INDICATIVE RULING PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 37(A)(3) (DKT. 402)** |

1

1    Based on a review of the Motion for Indicative Ruling Pursuant to Federal Rule of
2    Criminal Procedure 37(a)(3) (the "Motion" (Dkt. 402)), and the Government's
3    Opposition to the Motion for Indicative Ruling (the "Opposition" (Dkt. 404)),
4    insufficient good cause has been shown for the requested relief. Therefore, the Motion is
5    **DENIED**, for the following reasons.
6    On September 16, 2021, following an 11-day jury trial, Matthew Gatrel
7    ("Defendant" or "Gatrel") was convicted on all three counts charged in the Indictment.
8    Dkt. 11; Dkt. 216; Dkt. 217. The jury also found that venue in this District was proper as
9    to all three counts. Dkt. 216; Dkt. 217. After post-trial briefing, a judgment of acquittal
10   was entered as to Defendant's conviction on Count Two -- conspiracy to commit wire
11   fraud in violation of 18 U.S.C. § 1349. Dkt. 285. Therefore, two convictions remain:

> Count One: Conspiracy to violate the Computer Fraud and Abuse Act
> ("CFAA") in violation of 18 U.S.C. § 1030(a)(5)(A); and
>
> Count Three: Violating, and aiding-and-abetting the violation of, the
> CFAA.

See Dkt. 11; Dkt. 285.

On June 13, 2022, Defendant was sentenced to 24 months in custody on each of Count One and Count Three, with those terms to be served concurrently, followed by a three-year term of supervised release on each count, also to be served concurrently. *See* Dkt. 315. On June 17, 2022, Defendant appealed his conviction and sentence to the Ninth Circuit. Dkt. 317. The Ninth Circuit has issued a memorandum affirming Defendant's convictions and sentence; provided, however, the Ninth Circuit has not yet issued its mandate. *See United States v. Gatrel*, No. 22-50138 (9th Cir. Dec. 22, 2023); *see also* Fed. R. App. P. 41(c).

The Motion seeks a reduction in Defendant's sentence, and it is brought under 28 U.S.C. § 3582(c)(2) and Fed. R. Crim. P. 37(a)(3). Motion at 3. Normally, Defendant's appeal would prevent the consideration of the Motion. However, "[i]f a timely motion is

2

made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Defendant argues that the third option should be applied, with a statement issued by the Court that it would reduce the sentence if the matter were remanded for that limited purpose.

"The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 28 U.S.C. § 3582(c)(2). "A reduction in the defendant's term of imprisonment is not consistent with [the] policy statement[s] [of the United States Sentencing Commission] and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—(A) none of the amendments [made retroactive by the Sentencing Commission] is applicable to the defendant; or (B) [none of those] amendment[s] . . . ha[s] the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.10(a)(2) (U.S. Sentencing Comm'n 2023).

The basis for the Motion is Sentencing Guidelines Amendment 821, which added USSG § 4C1.1. However, Defendant does not qualify for relief under Amendment 821.[1] Under Amendment 821, there is a two-level reduction in the offense level for defendants who "meet[] all of the following criteria":

---

[1] As a preliminary matter, even if Amendment 821 applied to Defendant, he would not be entitled to relief prior to February 1, 2024. USSG 1B1.10(e)(2). However, for the reasons stated in this Order, Defendant would not be entitled to relief even as of that time.

3

  (1)  the defendant did not receive any criminal history points from Chapter Four, Part A;

  (2)  the defendant did not receive an adjustment under §3A1.4 (Terrorism);

  (3)  the defendant did not use violence or credible threats of violence in connection with the offense;

  (4)  the offense did not result in death or serious bodily injury;

  (5)  the instant offense of conviction is not a sex offense;

  (6)  the defendant did not personally cause substantial financial hardship;

  (7)  the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

  (8)  the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

  (9)  the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

  (10)  the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

USSG § 4C1.1 (a).

  The parties' primary dispute arises from the tenth condition. It is undisputed that Defendant received an adjustment under § 3B1.1, but it was not determined that he engaged in a continuing criminal enterprise. *Compare* Motion at 3 *with* Opposition at 7.

  The tenth condition permits relief only if "the defendant did not receive an adjustment under § 3B1.1 . . . *and* was not engaged in a continuing criminal enterprise

. . . ." USSG § 4C1.1(a)(10) (emphasis added). Therefore, relief is precluded if either the defendant received an adjustment under § 3B1.1 or engaged in a continuing criminal enterprise. This interpretation is supported by the plain text of the Guidelines, which use the word "and" rather than "or."

  Defendant contends that relief is permitted if either condition is satisfied. Defendant's position is unpersuasive. Defendant first cites USSG § 4C1.1(a)(9), which permits relief so long as "the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense)." Defendant contends that this condition, which uses "or" rather than "and," is satisfied only when the defendant did not receive either adjustment. Defendant contends that, because the ninth condition uses "or" and the tenth condition uses "and," the tenth condition is satisfied so long as the defendant did not receive both adjustments. However, this position ignores the full language of the relevant conditions. The ninth condition is in the form "not A or B" and the tenth condition is of the form "not A and not B." Although one condition uses "or" and the other uses "and," both conditions have the same meaning. As the Government notes, the statement "I do not like chocolate or vanilla ice cream" expresses the same meaning as "I do not like chocolate ice cream and I do not like vanilla ice cream." *See DaVita Inc. v. Virginia Mason Mem'l Hosp.*, 981 F.3d 679, 690 (9th Cir. 2020) (relying on De Morgan's laws, which state that "not (A and B)" means "*either* 'not A' *or* 'not B'" and, equivalently, state that not (A or B) means *both* not A *and* not B).

  Defendant's reliance on *United States v. Lopez*, 998 F.3d 431, 437 (9th Cir. 2021) is also unpersuasive. *Lopez* interpreted a different provision (998 F.3d at 435), which has a different structure. *Id.* at 436 ("This structure requires a defendant to prove that he or she does meet the criteria in subsections (A), (B), and (C), *cumulatively*.").

  Defendant's arguments are also unpersuasive for an independent reason. When a defendant is determined to have been involved in a continuing criminal enterprise as

defined in 21 U.S.C. § 848, that defendant's offense level is calculated using § 2D1.5. *See* USSG § 2D1.5. However, when § 2D1.5 applies, it is not appropriate to apply any further adjustments to reflect the defendant's role in the offense. *See id.* ("Because a conviction under 21 U.S.C. § 848 establishes that a defendant controlled and exercised authority over one of the most serious types of ongoing criminal activity, this guideline provides a minimum base offense level of 38. An adjustment from Chapter Three, Part B is not authorized because the offense level of this guideline already reflects an adjustment for role in the offense."). Thus, a defendant cannot receive an adjustment under § 3B1.1 and then be sentenced for participation in a continuing criminal enterprise. Under Defendant's contrary interpretation, the tenth condition only precludes relief when both of these provisions are applied, which would result in the tenth condition having no effect. The rule against surplusage weighs strongly against this interpretation.

"A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Therefore, it is not appropriate to determine whether any of the factors in § 3553(a) would support a sentence shorter than the one originally imposed. Because the Motion does not raise a substantial question and deferring the Motion until the final resolution of the appeal would not yield any information relevant to the merits of the Motion, the Motion is **DENIED** at this time. *See* Fed. R. Crim. P. 37(a)(2).

**IT IS SO ORDERED.**

Dated: December 27, 2023 _____

John A. Kronstadt
United States District Judge

6