Benjamin N. Gluck - State Bar No. 203997
    bgluck@birdmarella.com
Nicole R. Van Dyk - State Bar No. 261646
    nvandyk@birdmarella.com
Naomi S. Solomon - State Bar No. 321357
    nsolomon@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for David Michael Jensen

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVID MICHAEL JENSEN,<br><br>        Defendant. | CASE NO. 2:16-cr-00412-FMO-1<br><br>**DEFENDANT DAVID MICHAEL JENSEN'S REQUEST TO MODIFY JUDGMENT AND COMMITMENT**<br><br>Assigned to Hon. Fernando M. Olguin |

3918420.1

1  Defendant David Michael Jensen respectfully requests that the Court modify
2  its Judgment and Commitment Order (Dkt. 634) (the "Judgment") in order to clarify
3  that during his 18-month period of home confinement, Mr. Jensen may leave his
4  residence in order to continue to provide care for his dependent brothers.

5  Mr. Jensen was sentenced on January 18, 2024, and the Court issued its
6  Judgment on January 23, 2024. Paragraph 11 of the Judgment carves out certain
7  activities in which Mr. Jensen may participate during his period of home
8  confinement. Among other things, the Judgment provides that Mr. Jensen may leave
9  his home for family members' "medical appointments and procedures" and for "all
10 activities relating to the care or education of his grandchildren." There is no express
11 carve-out, however, for Mr. Jensen to leave his home in order to attend to his
12 dependent brothers' care (outside of medical appointments and procedures) as he
13 has done for many years. The care that Mr. Jensen has provided for his brothers
14 includes bringing them their medication, groceries, clothing, and other supplies, as
15 well as assisting with their in-home care. For example, Mr. Jensen is often necessary
16 to help a home care provider lift his brother. *See* Dkt Nos. 621-627.

17 The defense believes that the Court intended to permit Mr. Jensen to continue
18 providing this care to his brothers in their home, and that express authority for
19 Mr. Jensen to do so may inadvertently have been omitted from the Judgment. The
20 defense has requested a copy of the transcript from the sentencing hearing, but it has
21 not yet been delivered. Pursuant to Federal Rule of Criminal Procedure 35(a), the
22 Court may correct the Judgment: "Within 14 days after sentencing, the court may
23 correct a sentence that resulted from arithmetical, technical, or other clear error."
24 The defense has asked the government whether it has any objection to Mr. Jensen's
25 requested modification of the Judgment, but as of the date of filing, the government
26 has not provided its position.

27 Specifically, Mr. Jensen requests that the Court modify paragraph 11 of the
28 Judgment by adding "or to the care of his brothers" to the provision permitting

Mr. Jensen to attend "all activities relating to the care or education of his grandchildren." That provision would then permit Mr. Jensen to leave his home for: "all activities relating to the care or education of his grandchildren or to the care of his brothers."

DATED: January 29, 2024

Benjamin N. Gluck
Nicole R. Van Dyk
Naomi S. Solomon
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Nicole R. Van Dyk
Attorneys for David Michael Jensen